IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE R. HERNANDEZ-LOPEZ<br>YAHISMAR ORTEGA-MENENDEZ, by<br>themselves and on behalf of their children<br>JOSE J. HERNANDEZ-ORTEGA<br>and KEVIN YADIEL HERNANDEZ-ORTEGA<br>MARIA LOPEZ-LOPEZ<br>JOSE R. BONILLA-ROMAN<br>Plaintiffs<br><br>vs<br><br>MIGUEL PEREIRA<br>VICTOR RIVERA-GONZALEZ<br>OSVALDO MORALES-SANTIAGO<br>FELIX FIGUEROA-FIGUEROA<br>JOSE A. TORRES-SOTOMAYOR<br>JOHN DOE and RICHARD ROE<br>Defendants | CIVIL 03-2246CCC |

# O R D E R

The Motion Requesting Dismissal and to Quash Service of Process Pursuant to Fed.R.Civ.P. 4(m) filed by defendants Félix Figueroa and Osvaldo Morales on December 17, 2004 (**docket entry 55**) is DENIED.

The Motion for Leave to File Document in Spanish filed by plaintiffs on December 28, 2004 (**docket entry 63**) is MOOT. The document for which leave to file it in Spanish was being requested, a sworn statement by plaintiff, was never filed.

The Statement of Contested Facts in Support of Plaintiffs' Opposition to Motion for Summary Judgment filed by plaintiffs on December 28, 2004 (**docket entry 65**) is NOTED.

The Motion in Limine filed by defendants Miguel Pereira, Reynaldo Torres-Centeno and Robert García on March 18, 2005 (**docket entry 72**), having considered plaintiffs' opposition filed on March 31, 2005 (**docket entry 79**), is GRANTED as to witness Mayra Colón-Almena for plaintiffs' failure to timely announce her as a witness during discovery; and GRANTED as to agent Nyrka Burgos because plaintiffs acknowledged that her name came up

CIVIL 03-2246CCC                                    2

during the depositions.  As Colón-Almena, she was not formally announced as a trial witness. Additionally, plaintiffs informed that the administrative investigation about which agent Burgos would testify is still pending adjudication.

The Motion Objecting to Plaintiffs' List of Exhibits filed by defendants Miguel Pereira, Reynaldo Torres-Centeno and Robert García on March 22, 2005 (**docket entry 77**), having considered plaintiffs' opposition filed on March 31, 2005 (**docket entry 79**), is ruled upon as follows:

Item 4(a) - SUSTAINED; still pending adjudication.

Item 4(b) - OVERRULED; plaintiffs do not have a duty to produce their medical records, only to provide an authorization for defendants to request them.

Item 4(c) - SUSTAINED.

Item 4(d) - OVERRULED.

The Motion Objecting Defendants' Exhibits filed by plaintiffs on March 23, 2005 (**docket entry 78**), having considered the response filed by defendants Miguel Pereira, Reynaldo Torres-Centeno and Robert García on March 31, 2005 (**docket entry 80**), is ruled upon as follows:

Item 4(a) - OVERRULED.

Item 4(b) - OVERRULED; may be used for impeachment purposes but not as substantive evidence.

Item 4(c) - OVERRULED, but limited to the conviction and the complaints/accusations.

Item 4(d) - SUSTAINED.  The transcript, however, can be used for impeachment purposes.

Item 4(e) - SUSTAINED.  The transcript, however, can be used for impeachment purposes.

Item 4(f) - OVERRULED; already ruled upon in item 4(c).

Item 4(g) - also covered by ruling in item 4(c).

CIVIL 03-2246CCC                                                3

     Items 4(h) and 4(i) - defendants shall, within ten (10) days after notice of this Order, inform if revenue agent García was acting jointly with the defendant police officers on November 22, 2002 regarding plaintiff Hernández' liquor store.

     Item 4(j) - covered by ruling in item 4(c).

     Item 4(k) - covered by ruling in item 4(c).

     Items 4(l), 4(m), 4(n) & 4(o) - SUSTAINED; their relevance has not been established other than mentioning that they arise from the Commonwealth's criminal proceedings.

     Items 4(p) & 4(q) - defendants shall, within ten (10) days after notice of this Order, submit a copy of both documents and inform in which particular case or hearing they were submitted as evidence and for what purposes.

     Item 4(r) - SUSTAINED.

     Item 4(s) - SUSTAINED.  There is no indication how the mug shot counters plaintiff Hernández' claim that he was hit by police officers when arrested.  Mug shots by their very nature are unduly prejudicial and in this case their probative value has not been established.

     Item 4(t) - SUSTAINED.  There is no foundation that would lead the Court to conclude that the Weed and Seed program establishes the reason for the presence of the defendant officers at a particular location, i.e. Barriada Morales, Caguas, on the date of the events.

     Item 4(u) - SUSTAINED.  The relevance of the photos has not been established.

     SO ORDERED.

     At San Juan, Puerto Rico, on June 15, 2005.

                                                              S/CARMEN CONSUELO CEREZO
                                                              United States District Judge