IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE R. HERNANDEZ-LOPEZ<br>YAHISMAR ORTEGA-MENENDEZ, by<br>themselves and on behalf of their children<br>JOSE J. HERNANDEZ-ORTEGA<br>and KEVIN YADIEL HERNANDEZ-<br>ORTEGA<br>MARIA LOPEZ-LOPEZ<br>JOSE R. BONILLA-ROMAN<br><br>Plaintiffs<br><br>vs<br><br>MIGUEL PEREIRA<br>VICTOR RIVERA-GONZALEZ<br>OSVALDO MORALES-SANTIAGO<br>FELIX FIGUEROA-FIGUEROA<br>JOSE A. TORRES-SOTOMAYOR<br>JOHN DOE and RICHARD ROE<br><br>Defendants | CIVIL 03-2246CCC |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by defendants Miguel Pereira, Robert García and Reynaldo Torres on November 29, 2004 (**docket entry 49**),[1] which plaintiffs opposed on December 28, 2004 (**docket entry 64**).  At the outset, we note that some of the arguments being raised by defendants in this motion were previously raised by defendants Pereira and Torres in their motions to dismiss (docket entry 16 & 47), and disposed by the Court in their favor.  See Opinion and Order dated March 21, 2005 (docket entry 74) and its corresponding Partial Judgment (docket entry 75), which dismissed all claims under 42 U.S.C. §1983 and Puerto Rico tort law against all defendants in their official capacities, as well as the claims for malicious prosecution brought under the Fourth, Fifth and Fourteenth Amendment of the United States Constitution.  See also Opinion and Order (docket entry 74), at p. 6, clarifying that "[t]here are simply no claims to address under the Fifth Amendment."

---

[1] While the Motion for Summary Judgment was also filed by defendant Víctor Rivera, after its filing plaintiffs waived all their claims against Rivera and partial judgment was entered dismissing him from the action on March 21, 2005 (see docket entry 73).

CIVIL 03-2246CCC                                        2

Other arguments, such as plaintiffs' alleged failure to state a claim under the Eighth
Amendment, have become moot upon plaintiffs' abandonment of those claims.  See Partial
Judgment issued on March 21, 2005 (docket entry 73).  Thus, the Court will not be re-
addressing in this Order the already adjudicated or mooted arguments.  Instead, it will solely
consider those issues which it has not previously entertained or which, while considered before,
were duly rejected.

Movants commence by asserting that plaintiffs have failed to state claims against them
under 42 U.S.C. §1983.  In making this contention, movants only rely on the allegations
contained in the Amended Complaint (docket entry 10).  As we read them, however, those
allegations are more than enough to state claims against Pereira and Torres, although we concur
with movants that they are plainly insufficient against García.  As to the latter, in fact, plaintiffs'
only allegation is that once main plaintiff José R. Hernández-López had been detained by police
officers and placed in a van, García "entered the van, asked Hernández several questions and
ordered the liquor seized."  Amended Complaint (docket entry 10), at p. 6, ¶ 26.  There is
no allegation that García participated in any way in the alleged acts of police brutality which his
co-defendants police officers are imputed as having perpetrated against plaintiffs, nor that he
took part in the alleged illegal detention which plaintiff Hernández claims to also have suffered.
In fact, García's appearance in the factual scenario portrayed in the complaint takes place after
all the events of alleged illegal detention and police brutality have already occurred.  See i.e.
Amended Complaint, pp. 3-5, ¶¶ 15-25.  Neither is García described as having supervisory
authority over the allegedly out-of-bounds agents who could and should have acted on site, but
did not, to stop their imputed unconstitutional conduct.  While García is depicted as having
ordered that "the liquor [be] seized," there is no factual averment either that said liquor
belonged to any of the plaintiffs.  We note that the store from which it was supposedly seized
is described as "plaintiff Hernández' workplace" (Amended Complaint, at p. 3, ¶ 15), but not

CIVIL 03-2246CCC                    3

as being owned by him.  In sum, given the sketchy allegations of the complaint against defendant
García, we fail to see any viable claim against him under either 42 U.S.C. §1983 or the Puerto
Rico tort statutes.  Accordingly, all claims against him are hereby ORDERED DISMISSED.

Precisely due to plaintiffs' failure to allege that any of them owned the store from which
the liquor was supposedly seized, their claims under the Fourth and Fourteenth Amendments
for the illegal seizure of said liquor (see Amended Complaint, at p. 7, ¶ 35) also falter.  Those
claims are, similarly, ORDERED DISMISSED.

The additional non-adjudicated and/or non-mooted contentions raised in movants'
motion for summary judgment, i.e. that plaintiffs' complaint fails to state §1983 claims for
excessive force under the Fourth Amendment, that it also fails to state a claim for supervisory
liability against defendant Pereira, and that defendants are entitled to qualified immunity, are
but a rehash of arguments already considered and rejected when the Court addressed the
motions to dismiss previously filed by Pereira (docket entry 16) and Torres (docket entry 47).
Movants have, once again, merely challenged the factual sufficiency of the allegations of the
complaint that support these claims, and have failed to present additional evidence in order to
counter these factual allegations.  As we expressly recognized in our Opinion and Order of
March 21, 2005 (docket entry 74), the allegations of the complaint are more than enough to
allow the excessive force claim and the supervisory liability claim to go forward (see Opinion
and Order, docket entry 74, at pp. 5-7), and serve to defeat movants' request for qualified
immunity at this stage (Opinion and Order, at p. 7).

Accordingly, and for the reasons stated, the Motion for Summary Judgment filed by
defendants Pereira, García and Torres on November 29, 2004 (**docket entry 49**) is
GRANTED IN PART and DENIED IN PART.  All claims against defendant Robert García under
42 U.S.C. §1983 and the Puerto Rico tort statutes are hereby ORDERED DISMISSED.  All
claims under the Fourth and Fourteenth Amendments for the illegal seizure of liquor are also

CIVIL 03-2246CCC                                    4

ORDERED DISMISSED.   Partial Judgment shall be entered accordingly.   The remaining
contentions not previously adjudicated in movants' favor or mooted by previous Orders are
DENIED.

      SO ORDERED.

      At San Juan, Puerto Rico, on June 15, 2005.

                                S/CARMEN CONSUELO CEREZO
                                United States District Judge